**STATE of Missouri, Respondent,**

v.

**Edward James BROWN, Appellant.**

**Nos. WD 48648, WD 50255.**

Missouri Court of Appeals,
Western District.

Jan. 23, 1996.

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and ULRICH and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Edward James Brown was found guilty of sodomy, § 566.060, RSMo Cum.Supp.1991, and sexual abuse in the first degree, § 566.100, RSMo Cum.Supp.1991, following a jury trial. He was sentenced to a 15–year term of imprisonment for sodomy and a concurrent 5–year term for sexual abuse in the first degree.

Mr. Brown appeals his conviction on the grounds: (1) that the verdict directing instruction for sodomy was plainly erroneous in that it failed to require the jury to find the criminality of his conduct, i.e., that he intentionally brought his genitals into contact with the victim's hand, as required by MAI–CR 3d 320.08.2, and (2) that the trial court erred in failing to set aside the verdict and sentence on the ground that he was not competent to proceed to trial and sentencing. We find no merit in either contention and affirm.

## I. FACTUAL BACKGROUND

Mr. Brown was charged with sodomizing and sexually abusing A.S., his wife's daughter from a prior relationship. A.S. testified that the first episode occurred at night when she was six or seven years old. At that time, she was awakened from sleep to find Mr. Brown placing her hand on his penis and then moving her hand up and down.

Similar occurrences followed this initial episode. A.S. testified that Mr. Brown would usually come into her room naked, get fully or partially under her sheets, put her hand around his penis and then hold her hand in place with his hand to keep it there. Later, after A.S. turned nine or ten, Mr. Brown started fondling her breasts and then touching her vagina. This contact occurred either daily or every other day and would sometimes occur as frequently as two or three times a night.

T.S., the sister of A.S. with whom she shared a room during much of this period, witnessed Mr. Brown touching A.S. on fifteen to twenty occasions over a two-year period. When T.S. asked Mr. Brown what he was doing, Mr. Brown told her that he was under the covers looking for the dog, who sometimes slept on A.S.'s bed. Both T.S. and the

girls' mother, Zelda, also testified that they saw Mr. Brown masturbating as he watched A.S. undress.

At trial, Mr. Brown denied molesting A.S. He explained that he would go into A.S.'s room at night to check on her because she would have nightmares, kicking and banging the wall and rolling out of bed. In addition, Mr. Brown claimed that the girls would often let the family pets sleep with them. He preferred to put the dog and cat outside at night. Therefore, he would have to look underneath the blankets on the girls' beds for the family's pet dog or cat. Finally, Mr. Brown claimed that his readjustment of his hernia, which was necessary throughout the day, was what A.S. and her mother mistakenly referred to as masturbation. He stated that he would try to hide this activity from the girls because they would not understand what he was doing.

The jury convicted Mr. Brown and his post-trial motions were denied. This appeal followed.

## II. *THE VERDICT DIRECTING INSTRUCTION WAS NOT PLAINLY ERRONEOUS*

Mr. Brown alleges that the verdict directing instruction for sodomy failed to require a finding of the "criminality" of his conduct in that it did not require the jury to find that he purposefully acted in a manner so as to bring his genitals into contact with the victim's hand. The verdict director, in its entirety, stated:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that between January 1, 1986 and December 31, 1991, in the County of Macon, State of Missouri, *the genitals of defendant came into contact with the hand of [A.S.], and*

Second, *that such conduct constituted deviate sexual intercourse, and*

Third, that [A.S.] was then less than fourteen years old, and

Fourth, defendant was not then married to [A.S.], then you will find the defendant guilty under Count I of sodomy.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term *"deviate sexual intercourse"* means any act involving the genitals of one person and the mouth, tongue, hand, or anus of another person *done for the purpose of arousing or gratifying the sexual desire of another person.*

If you do find the defendant guilty under Count I of sodomy, you will assess and declare the punishment at imprisonment for a term of years fixed by you, but not less than five years and not to exceed fifteen years.

(emphasis added).

Mr. Brown claims that the first paragraph of this instruction permitted the jury to find him guilty of sodomy without making a "specific factual finding that [he] committed any action which resulted in deviate sexual intercourse."

■ As this case was tried prior to July 1, 1995, Mr. Brown could preserve instructional error for review by making specific objections prior to submission or by raising instructional error in his motion for new trial. *State v. Reichert*, 854 S.W.2d 584, 601 (Mo. App.1993); Rule 28.03; Rule 29.11(d). Mr. Brown's trial counsel did not object to this instruction at either juncture, however, and thus has failed to preserve this error for review. He nonetheless asks us to consider this issue as a matter of plain error under Rule 30.20.

■ Instructional error rises to the level of plain error only if the instruction is so misdirected or so failed to adequately instruct the jury that it is apparent to the appellate court that the error affected the jury's verdict and caused manifest injustice or a miscarriage of justice. *State v. Nolan*, 872 S.W.2d 99, 103 (Mo. banc 1994); *State v. DeJournett*, 868 S.W.2d 527, 531 (Mo.App. 1993). Mr. Brown bears the burden of establishing that this standard is met. *State v. Cline*, 808 S.W.2d 822, 824 (Mo. banc 1991). He has failed to do so here.

The problem defendant identifies with Paragraph First is that it simply requires a passive finding that Mr. Brown's genitals came into contact with A.S.'s hand and fails to require a finding that this contact was done for sexual gratification rather than by accident.

As the State notes, the instruction would have been better had it used the active voice and required a finding that Mr. Brown placed the hand of A.S. on his genitals, but we do not believe that the failure to do so resulted in plain error.

■ One instruction or part of an instruction will not be looked at in isolation to determine whether error occurred. To the contrary, the instructions will be looked at as a whole to determine whether the jury was properly instructed as to the relevant law. *State v. Jimmerson,* 891 S.W.2d 470, 473 (Mo.App.1994).

■ That is what occurred here. While Paragraph First may not have excluded accidental contact as a basis for finding Mr. Brown guilty, the remainder of the instruction did require purposeful sexual touching. More specifically, the second paragraph of this instruction requires that the jury find that the conduct, i.e., Mr. Brown's genitals coming in contact with the victim's hand, constituted "deviate sexual intercourse." The instruction then defines "deviate sexual intercourse" as contact "for the purpose of arousing or gratifying the sexual desire of another person." Thus, in the context of the entire instruction, the jury could not have convicted Mr. Brown of this offense if it simply believed that the contact was accidental or anything other than committed for the purpose of arousing or gratifying his sexual desire.

## III. *THE ISSUE OF INCOMPETENCY WAS NOT PROPERLY RAISED BY DEFENDANT*

In his second point, Mr. Brown claims that he was not competent to proceed to trial and sentencing. Mr. Brown requested and was given a psychiatric examination prior to trial. The examination was administered on May 25, 1993 by Dr. Michael Stacy. On September 3, 1993, Dr. Stacy filed a report with the trial court regarding the mental examination. Dr. Stacy reported that Mr. Brown was suffering from an adjustment disorder with depressed mood but found Mr. Brown competent to proceed to trial. Mr. Brown did not contest this report or finding.

In an amended Motion to Vacate, Set Aside or Correct Judgment and Sentence, filed pursuant to Rule 29.15, Mr. Brown alleged for the first time that he was "not competent to proceed to trial and sentencing on the dates those proceedings were held." Mr. Brown claimed that, although he may have been competent at the time he was examined by Dr. Stacy, he was no longer competent at the time of the trial (three and one-half months after the examination) or at sentencing (five months after the examination). In support of this claim, Mr. Brown cited to his testimony at trial and to his responses at sentencing as evidence of his inability to understand and communicate at those proceedings.

The trial court denied Mr. Brown's amended motion, finding that Mr. Brown's contention that "it is reasonably probable that an examination performed closer to the time of trial and sentencing would have found movant incompetent to proceed" was not supported by the evidence. In addition, the court found Mr. Brown remained competent to proceed both at the time of trial and at the time of sentencing. Mr. Brown appeals the trial court's denial of his amended motion.

■ Mr. Brown could not be tried, convicted or sentenced for the commission of an offense if he lacked the capacity to understand the proceedings against him or to assist in his own defense because of a mental disease or defect. § 552.020.1, RSMo 1986. A defendant is competent to stand trial if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him. *State v. Wise,* 879 S.W.2d 494, 507 (Mo. banc 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 757, 130 L.Ed.2d 656 (1995).

The issue of Mr. Brown's competence was not properly raised by Mr. Brown in his post-petition proceeding, however. The sole purpose of a post-conviction proceeding is to determine whether the proceedings that led to the defendant's conviction violated any constitutional requirements or whether the judgment of conviction is otherwise void. *Brooks v. State*, 882 S.W.2d 281, 283 (Mo. App.1994). A post-conviction proceeding is not the place to relitigate issues of fact that were already properly determined at trial. *Id.*

In this case, the issue of Mr. Brown's competency was raised at trial. He requested and underwent a mental examination in which he was found competent to proceed to trial. Neither Mr. Brown nor his trial counsel contested Dr. Stacy's finding nor did they request a later evaluation closer to trial. Failure to contest a psychiatric report constitutes a waiver of that right. *State v. Caudill*, 789 S.W.2d 213, 214 (Mo. App.1990). Furthermore, by proceeding to trial the court found that Mr. Brown was competent to proceed to trial and sentencing based upon Dr. Stacy's report. *See Jones v. State*, 505 S.W.2d 96, 99 (Mo.App. 1974)(court's docket entry setting the case for trial was equivalent to approval of the report of mental examination and determination by the court that defendant was fit to proceed to trial); *Miller v. State*, 498 S.W.2d 79, 87 (Mo.App.1973)(same).

In his post-conviction proceedings, Mr. Brown cannot again raise the basic issue of his competency, already determined against him at the trial. Any error in that determination should instead have been raised on direct appeal. A post-conviction motion would be appropriate in this situation only to assert that counsel was ineffective in his treatment of the competency issue. Mr. Brown does not so assert, nor does he allege on direct appeal that there was any error in the determination as to competency made at trial. He has therefore preserved nothing for appeal. We have nonetheless *sua sponte* examined the record and find no basis for a determination that Mr. Brown was incompetent or that his counsel was ineffective in his handling of the competency issue.

For the reasons stated above, we affirm Mr. Brown's conviction.

All concur.