STATE of Missouri, Respondent,

v.

Shane W. CROWE, Appellant.

No. WD 62267.

Missouri Court of Appeals,
Western District.

Feb. 24, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Assistant Attorney General, Jefferson City, MO, for respondent.

Rosalynn Koch, Assistant Public Defender, Columbia, MO, for appellant.

Before HOWARD, P.J., and LOWENSTEIN and SMART, JJ.

VICTOR C. HOWARD, Presiding Judge.

Shane W. Crowe appeals from a jury conviction on one felony count of possession of methamphetamine and one misdemeanor count of possession of drug paraphernalia. In his first point on appeal, Crowe argues that by refusing to consider him for drug court participation, the trial court improperly punished him for exercis-

ing his right to a jury trial. Crowe alleges in his second point that the trial court erred in overruling his objection to portions of the State's closing argument. Finally, Crowe asserts the trial court erred in failing to *sua sponte* declare a mistrial or strike the State's closing argument when the State, according to Crowe, argued that a friend of Crowe had admitted to owning some needles, so the friend must not have owned the bag containing the methamphetamine.

Affirmed.

## Background

Viewed in the light most favorable to the verdict, the evidence showed that: On January 18, 2002, Matt Whitmar and his girlfriend, Angela Burgess, were staying at the Ramada Inn in St. Joseph. Whitmar called Crowe at the Pony Express Motel and invited him to the Ramada Inn for breakfast and a swim. Crowe, his girlfriend, Julie Evans, and Crowe's five-year-old daughter, Ashley, left for the Ramada. When he arrived at Whitmar's room, Crowe was carrying a red bag with a Marlboro label.

On their way to the pool, Whitmar asked Crowe if he had any meth. Crowe responded in the affirmative. Both Whitmar and Crowe were methamphetamine users.[1] While at the pool, Crowe and Whitmar saw a police car arrive at the hotel. Crowe had an outstanding warrant, so Crowe and Whitmar fled to Crowe's room at the Pony Express. As they were leaving, Crowe assured Whitmar that he had left "nothing" in Whitmar's room.

The police had received a tip that people with outstanding warrants were at the Ramada. When the officer proceeded to the suspects' room, he found no one. The hotel manager, Jane Lackey, told the offi-

cer that she had seen the occupants of that room at the pool earlier in the day. The officer went to the pool area and arrested Burgess.

The officer and the hotel manager went to Whitmar's room to find some clothes for Burgess and Ashley. While Ms. Lackey was looking for some clothes, she opened a red Marlboro duffel bag and saw some needles. The bag contained other drug paraphernalia, including coffee filters, plastic bags, a torch, scales, a pipe, syringes, cutting agent, and spoons. Plastic bags inside the duffel contained a white, powdery substance. Two lighters, both engraved with the names "Shane and Julie" and the date October 27, 2001, were also in the bag. Crowe and Evans began seeing each other on that date. Later testing on items found in the red bag revealed the presence of methamphetamine.

The State filed an information in Buchanan County Circuit Court charging Crowe as a prior drug offender with one felony count of possession of methamphetamine and one misdemeanor count of possession of drug paraphernalia. The information also charged Crowe with one misdemeanor count of resisting arrest. Crowe pled guilty to the charge of resisting arrest before trial. Crowe's jury trial on the possession charges took place on October 22–23, 2002, before the Honorable Daniel F. Kellogg.

At trial, Crowe testified that he did not own the red Marlboro bag and had never seen it before. He denied that the meth in the bag belonged to him and told the jury he was not guilty. The jury found Crowe guilty of both charges. The court sentenced Crowe as a prior drug offender to nine years' imprisonment on the felony drug possession charge and ninety days each on the misdemeanor possession of

---

1. Crowe told police that he used one-half an    "eight ball" per day.

drug paraphernalia and resisting arrest charges, with all sentences to run concurrently. This appeal follows.

## I.

■ In his first point on appeal, Crowe argues the trial court erred in failing to consider him for drug court. He claims that by denying defense counsel's request for consideration of referral to drug court specifically because "drug court is only appropriate for people who admit their culpability and he has not done so," the court punished Crowe for exercising his right to a jury trial.

Crowe cites cases in which criminal convictions were reversed where the defendant received an enhanced sentence, and the only reason given for the sentence by the trial court was defendant's decision to proceed to trial. Crowe provides no authority for the proposition that failure to consider a defendant for drug court constitutes punishment for the defendant's insistence on exercising his right to a trial.

A defendant does not have a right to consideration for drug court. The legislature gave the authority to establish conditions for consideration of referral to drug court to the circuit courts. Section 478.005.1 RSMo. provides, "Each circuit court shall establish conditions for referral of proceedings to the drug court." The courts have the discretion to determine who is a good candidate for drug court.

The trial judge in this case stated, "Well, as to the issue of assessment for drug court, drug court is only appropriate for people who admit their culpability and he has not done so." When asked if the court was punishing Crowe for exercising his right to a jury trial, the judge responded, "That's not punishment ... Because that's privilege, it's not a right. He doesn't have a right to be assessed for drug court." The court had the preroga-

tive to decide whether Crowe should be assessed for drug court. The court did not err in failing to consider him for drug court.

Point I is denied.

## II.

■ Crowe alleges in his second point that the court erred in overruling the defense's objection to the State's closing argument. Crowe claims the court should not have allowed the State to argue that Whitmar did not want to testify against his friend, but that Crowe had no problem implicating Whitmar. According to Crowe, this "drew a false comparison between [Whitmar's] accusations and [Crowe's] defense of his case, as well as arguing facts not in evidence," thereby diverting the jury from its fact-finding task by creating hostility against Crowe. Crowe asserts he never claimed the bag belonged to Whitmar. The defense objected to the following portion of the State's closing argument:

> Look at [Crowe's] testimony. Didn't bother him a bit. Didn't bother him a bit to get up there on a ten-year-long-life-friend and say, No, I've never seen those lighters; the bag wasn't mine; it was in [Whitmar's] room; it's his. Didn't bother him a bit. I use methamphetamine; I use needles; but that's not mine; that's his; send him away.

■ Although Crowe objected to this argument, he failed to mention the closing argument in his timely filed motion for a new trial. Crowe, therefore, did not properly preserve this issue for appeal. Rule 29.11(d). As such, our only review would be for plain error under Rule 30.20. *State v. Wolf*, 91 S.W.3d 636, 644–45 (Mo.App. W.D.2002). Rule 30.20 reads: "[P]lain errors affecting substantial rights may be considered in the discretion of the court

when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

The exercise of our discretion involves two analytical steps. *State v. Washington,* 92 S.W.3d 205, 211 (Mo.App. W.D.2002). First, we determine whether the claim of plain error, on its face, establishes substantial grounds for believing manifest injustice or a miscarriage of justice has occurred. *Id.* "If the error does not meet these criteria, we decline to exercise discretionary review under Rule 30.20." *Id.* If the claim facially establishes substantial grounds for believing manifest injustice or a miscarriage of justice has occurred, we will review the claim to decide whether manifest injustice actually occurred. *Id.* Not all prejudicial error is plain error. *Id.* Plain error is "evident, obvious, and clear error." *Id.* To warrant relief under plain error review, Crowe must demonstrate more than mere prejudice resulting from the error; he must show "manifest prejudice affecting his substantial rights." *Id.*

"Plain error relief as to closing argument should rarely be granted and is generally denied without explanation." *State v. Garner,* 14 S.W.3d 67, 76 (Mo.App. E.D.1999). A trial court has broad discretion in controlling the scope of closing argument. *State v. Martin,* 103 S.W.3d 255, 264 (Mo.App. W.D.2003). Even if a closing argument is improper, we will reverse a conviction only if the defendant establishes that the comment had a "decisive effect on the jury's determination." *Id.* To meet this standard, Crowe must demonstrate "a reasonable probability that the verdict would have been different had the error not been committed." *Id.*

The State may make reasonable inferences from the evidence and may argue the credibility of witnesses, as long as the prosecutor bases the arguments on evidence presented at trial. *Vicory v. State,* 81 S.W.3d 725, 731 (Mo.App. S.D. 2002). Whitmar testified that Crowe brought the red Marlboro bag to the Ramada. Crowe testified that the bag did not belong to him. Throughout his closing argument, he accused Whitmar of lying. The trial court found that it was logical for the State to argue that Crowe was pinning the blame on Whitmar, because Crowe denied ownership of the red bag and the bag was found in Whitmar's hotel room.

After a review of the arguments and the record, we do not believe the trial court plainly erred in overruling Crowe's objection to the State's closing argument. Even if the court did err, Crowe has not demonstrated that if the court had sustained the objection, there is a reasonable probability that the verdict would have been different.

Point II is denied.

### III.

In his third point, Crowe argues that the trial court plainly erred in failing to *sua sponte* declare a mistrial or to *sua sponte* strike the State's closing argument when the State argued that Whitmar had "owned up" to owning some needles, thus admitting "partial guilt," so the jury could infer he must not have owned the red bag. Crowe claims the trial court did not stop this argument in spite of not allowing evidence that Crowe pled guilty to the resisting arrest charge, but wanted to go to trial on the possession charges. Crowe, therefore, did not have the opportunity to suggest an inference of innocence on the possession charges due to his admission of guilt on the resisting arrest charge even though the State argued this inference because of Whitmar's acceptance of responsibility for other offenses.

Crowe concedes that he did not properly preserve this point for appeal. Consequently, we can review only for plain error. For a detailed discussion of plain error review and the wide latitude accorded to the trial court in allowing or disallowing closing arguments, see Point II. Plain error review of assertions concerning closing arguments is discouraged because the "trial court's options are narrowed to uninvited interference with summation." *State v. Brown*, 953 S.W.2d 133, 141 (Mo.App. W.D.1997). In order to establish that the court committed plain error during closing arguments, Crowe must make a sound, substantial showing that manifest injustice or a miscarriage of justice will result if we do not grant relief. *Id.* Accordingly, our review for plain error of the trial court's failure to *sua sponte* declare a mistrial or strike the argument is extremely limited. *Id.* at 141–42.

The State argued in closing:

[Whitmar] claimed what was his in that room, which is a criminal charge because there [we]re needles in that also. He claimed that, that Curve canister. Even after someone else had taken responsibility[.] Angie had said, No, that's mine. But Matt said, No, it wasn't Angie's, it was mine, it was my canister. And he claimed that because that was truly his.

We find nothing about this argument that could have resulted in manifest injustice or a miscarriage of justice. The trial court, therefore, did not plainly err in failing to either *sua sponte* strike that portion of the closing argument or to *sua sponte* declare a mistrial.

Point III is denied.

## Conclusion

The trial court did not err in failing to consider Crowe for drug court. Consideration for drug court is a privilege, not a right. There is no indication the trial court enhanced Crowe's sentence based on his decision to proceed to trial. The court did not plainly err in overruling the defense's objection to the State's closing argument that Whitmar did not want to testify against his friend, but that Crowe had no problem implicating Whitmar. Finally, the court did not plainly err in failing to *sua sponte* strike the State's closing argument or *sua sponte* declare a mistrial based on the State's argument that Whitmar admitted to owning the drug paraphernalia present in the room that belonged to him. The convictions and sentence are affirmed.

LOWENSTEIN and SMART, JJ., concur.