**STATE of Missouri, Respondent,**

v.

**Robert J. DURANT, Appellant.**

**No. WD 64030.**

Missouri Court of Appeals,
Western District.

March 1, 2005.

Kent Denzel, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, and Deborah Daniels, Jefferson City, for Respondent.

Before ROBERT G. ULRICH, P.J., JAMES M. SMART, JR., and JOSEPH M. ELLIS, JJ.

ROBERT G. ULRICH, P.J.

Robert Durant appeals his conviction following jury trial for damaging the property of the Department of Corrections, section 217.385,[1] and sentence as a prior and persistent offender to six years imprisonment. He claims that insufficient evidence was presented to support the conviction and that the trial court erred in admitting a Department of Corrections' record showing prior convictions to impeach his credibility. The judgment of conviction is affirmed.

## Facts

Robert Durant was an inmate in Crossroads Correctional Center on July 14, 2000. The Missouri Department of Corrections operates Crossroads. On that day, Corrections Officer Leslie DeLapp returned Mr. Durant to his cell after he became belligerent in a hearing with a caseworker. As Officer DeLapp was removing the restraints from Mr. Durant's hands through the food port door in the cell door, Mr. Durant reached around and grabbed the officer's hand in an effort to grab the keys. Officer DeLapp was able to free himself and close the food port door. Mr. Durant then grabbed a food tray that was in his cell and struck the window of the cell door three times. On the third strike, the window shattered.

Mr. Durant was charged as a prior and persistent offender with damaging the property of the Department of Corrections, section 217.385. At trial, Mr. Du-

rant testified in his own defense claiming that he did not break the window and that the cell he was in did not have a broken window. On cross-examination, Mr. Durant admitted that he had a prior conviction for possession of cocaine, but he denied convictions for unlawful use of a weapon, first-degree robbery, and armed criminal action. In rebuttal, the State introduced, over Mr. Durant's objection, a copy of Mr. Durant's Department of Corrections' "Face Sheet," which listed his convictions for all of the crimes.

The jury found Mr. Durant guilty of the charged crime, and the trial court sentenced him to six years imprisonment to run consecutively to sentences he was already serving. This appeal by Mr. Durant followed.

## Sufficiency of the Evidence

In his first point on appeal, Mr. Durant claims that the trial court erred in overruling his motion for judgment of acquittal at the close of the evidence and entering judgment on the verdict. He asserts that the evidence was insufficient to establish beyond a reasonable doubt that he knowingly broke the window.

Review of a challenge to the sufficiency of the evidence to support a criminal conviction is limited to determining whether sufficient evidence was presented from which a reasonable juror could find the defendant guilty beyond a reasonable doubt. *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998), *cert. denied*, 525 U.S. 1021, 119 S.Ct. 551, 142 L.Ed.2d 458 (1998). The evidence and all reasonable inferences drawn from the evidence are viewed in the light most favorable to the jury's verdict, and any contrary evidence and inferences are disregarded. *Id.*

---

**1.** All statutory references are to RSMo 2000   unless otherwise indicated.

Great deference is given to the trier of fact. *Id.*

■ A person is guilty of the class C felony damaging the property of the Department of Corrections if he knowingly damages property owned or operated by the department. § 217.385.2. A person acts knowingly with respect to a result of his conduct when "he is aware that his conduct is practically certain to cause that result." § 562.016.3(2). Thus, in showing the requisite mental state here, the State must establish that Mr. Durant was aware that striking the cell window with his food tray was practically certain to cause the window to break. Intent may be established by circumstantial evidence or may be inferred from surrounding facts. *State v. Theus,* 967 S.W.2d 234, 239 (Mo.App. W.D.1998). Additionally, a defendant's mental state may be reasonably inferred from the act itself. *Id.*

Mr. Durant contends that insufficient evidence was introduced that he was aware that striking his cell window with a food tray was practically certain to break it. A reasonable inference may be made that a glass window will break if it is repeatedly and forcefully struck with a hard object. Mr. Durant argues, however, that because of the location of the window, a prison cell, he could not have been aware that the window would break when struck with a food tray. Mr. Durant apparently implies that because the window was in a prison cell, it was shatterproof and, therefore, he could not have intended to break it when he struck it repeatedly with his food tray. Mr. Durant, however, introduced no evidence that the cell window glass was shatterproof or that he believed the glass was shatterproof or that it wouldn't break. Such belief will not be inferred. Evidence was presented that Mr. Durant forcefully struck his cell window three times with a food tray. A reasonable inference from this action was that Mr. Durant intended to break the window. The evidence was sufficient to establish beyond a reasonable doubt that he knowingly broke the window. Point one is denied.

## Admission of Evidence to Impeach Credibility

■ In his second point on appeal, Mr. Durant claims that the trial court abused its discretion in admitting a Department of Corrections' record showing prior convictions to impeach his credibility. He argues that the exhibit was comprised of hearsay and that he was denied his right to confrontation. Mr. Durant also argues that the record was inadmissible because it did not constitute the best evidence of his convictions.

Prior to trial, the court conducted a hearing to determine whether Mr. Durant was a prior and persistent offender. The State introduced Exhibit 1, the "Face Sheet" from Mr. Durant's Department of Corrections' record, the third page of which showed that he had been convicted of possession of a controlled substance, unlawful use of a weapon, robbery in the first degree, and armed criminal action. Mr. Durant objected to the exhibit claiming that it violated due process, the best evidence rule, the statutory requirements to prove prior and persistent status, and his confrontation rights. The court admitted the exhibit over Mr. Durant's objection and found him to be a prior and persistent offender.

At trial during cross-examination, Mr. Durant admitted that he had a prior conviction for possession of cocaine, but he denied convictions for unlawful use of a weapon, first-degree robbery, and armed criminal action. In rebuttal, the State introduced Mr. Durant's Department of Corrections' Face Sheet to impeach his denial of the convictions. Mr. Durant again ob-

jected. The court allowed the jury to review page three only, which showed Mr. Durant's four convictions.

In his motion for new trial, Mr. Durant claimed error only in the introduction of the Face Sheet for the purpose of proving his status as a prior and persistent offender. He also included only his objections based on violation of due process and failure to comply with statutory requirement. Mr. Durant did not raise a claim in his motion for new trial that the introduction of page three of the Face Sheet as rebuttal evidence to impeach his testimony was erroneous, nor did he claim that the evidence was hearsay or violated the best evidence rule. Mr. Durant, therefore, did not properly preserve this issue for appeal. Rule 29.11(d); *State v. Crowe*, 128 S.W.3d 596, 599 (Mo.App. W.D.2004). As a result, review is only for plain error under Rule 30.20, which provides, "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *Crowe*, 128 S.W.3d at 599–600.

Plain error review involves two analytical steps. *Id.* at 600. First, determination must be made of whether the claim of plain error, on its face, establishes substantial grounds for believing manifest injustice or a miscarriage of justice has occurred. *Id.* Plain error is "evident, obvious, and clear error." *Id.* (quoting *State v. Washington*, 92 S.W.3d 205, 211 (Mo. App. W.D.2002)). If the error does not meet this standard, the court will decline to exercise its discretionary review under Rule 30.20. *Id.* If, however, the claim facially establishes substantial grounds for believing manifest injustice or a miscarriage of justice has occurred, the claim will be reviewed to decide whether manifest injustice actually occurred. *Id.*

"When a defendant testifies, he is subject to cross-examination and impeachment as is any other witness." *State v. Hoopingarner*, 845 S.W.2d 89, 94 (Mo. App. E.D.1993). The prior convictions of the accused are admissible for impeachment purposes. § 491.050; *Hoopingarner*, 845 S.W.2d at 94. A prosecutor is permitted to question a defendant about a prior conviction when the defendant initially fails to disclose the prior conviction. *Hoopingarner*, 845 S.W.2d at 94. The State may prove a prior conviction either by the record or by cross-examination, the witness must answer any questions relevant to that inquiry, and the cross-examiner "shall not be concluded by his answer." § 491.050; *Hoopingarner*, 845 S.W.2d at 94.

The introduction of page three of Mr. Durant's Face Sheet for impeachment purposes was not, on its face, obvious and clear error. The prosecutor utilized the Face Sheet to prove Mr. Durant's status as a prior and persistent offender before trial. The prosecutor then introduced the same evidence on rebuttal to impeach Mr. Durant's testimony that he had only one prior conviction. On appeal, Mr. Durant does not contest the prosecutor's use of the Face Sheet to prove his status as a prior and persistent offender, he only challenges its use for impeachment purposes. Where Mr. Durant does not dispute the introduction of the Face Sheet to prove prior convictions for purposes of prior and persistent status, his claim that the same evidence should not have been introduced for impeachment purposes does not establish substantial grounds for believing manifest injustice or a miscarriage of justice has occurred. Because obvious and clear error is not discerned in this case, Mr. Durant's request to review this matter un-

der Rule 30.20 is declined. The point is denied.

The judgment of conviction is affirmed.

SMART and ELLIS, JJ., concur.