STATE of Missouri, Respondent,

v.

Robert D. ROBINSON, Appellant.

No. WD 65623.

Missouri Court of Appeals,
Western District.

June 27, 2006.

Irene C. Karns, Public Defender Office, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun Mackelprang and Daniel N. McPherson, Office of Attorney General, Jefferson City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

## Introduction

Robert D. Robinson ("Robinson") appeals his conviction for robbery in the second degree, section 569.030, making one claim where he seeks plain error review of the admission of allegedly improper hearsay evidence offered by the State. We find no evident and obvious error and that

no manifest injustice occurred. Judgment affirmed.

## Factual and Procedural Background

Robinson was charged by information with one count of robbery in the second degree and one count of misdemeanor stealing in connection with a robbery that occurred on January 9, 2004, at a Breaktime convenience store in Columbia, Missouri. The misdemeanor stealing charge was later dismissed. After a jury trial Robinson was convicted of robbery in the second degree and was later sentenced as a prior and persistent felony offender to fifteen years imprisonment.

The evidence showed that in early January 2004, Robinson approached Randi Coleman ("Coleman"), a cashier at the Breaktime, and suggested to her that if she did not make her safe drops, he would come in and stage a robbery and split the money with her. On January 9, 2004, Robinson came into the store and told Coleman that he and another man would come in around 9:00 P.M. and rob the store. Sometime after 9:00 P.M. Coleman went to the back of the store to stock the cooler leaving her co-worker alone at the register. Later, when Coleman looked to the front of the store, she saw the police and realized the robbery had occurred.

Coleman initially denied her involvement in the robbery, but later gave a statement to Detective John Short ("Detective Short") admitting her involvement in the robbery and implicating Robinson. Coleman was then charged with robbery in the second degree. In exchange for her testimony at trial, the State reduced the robbery charge to stealing without consent. Detective Short also testified at Robinson's trial. When asked what Coleman told him about the robbery, defense counsel objected on the grounds of hearsay, but was overruled. The State argued that Detective Short's testimony was necessary to show a prior consistent statement by Coleman because her credibility had been attacked on cross-examination when defense counsel implied that she fabricated her testimony in exchange for the reduced charge from robbery to stealing without consent.

## Point on Appeal

On appeal, Robinson alleges that the trial court erred in failing to *sua sponte* declare a mistrial upon the introduction of Detective Short's testimony regarding Coleman's statement to him, because the admission of Detective Short's testimony was a manifest injustice or miscarriage of justice, in that Detective Short's testimony was inadmissible hearsay that improperly bolstered Coleman's credibility because it duplicated and corroborated her testimony when she had not been impeached. Because the trial objection was overruled, technically Robinson's claim should be that the trial court failed to grant a new trial.

## Standard of Review

In order to properly preserve an evidentiary issue for appellate review, an objection must be made upon introduction of the evidence; that objection must be reasserted as error in a motion for new trial; and the issue must be briefed on appeal. *State v. Hayes,* 169 S.W.3d 613, 624 (Mo.App. S.D.2005). Here, Robinson objected to the introduction of Detective Short's testimony but failed to file a motion for new trial. Robinson admits his claim of error is not properly preserved for review. Rule 29.11(d). Therefore, Robinson seeks review for plain error under Rule 30.20, which provides, "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injus-

tice or miscarriage of justice has resulted therefrom."

■ Plain error review is a two-step analysis. *State v. Durant*, 156 S.W.3d 524, 528 (Mo.App. W.D.2005). First, a determination is made whether the claim of plain error, on its face, establishes substantial grounds for believing manifest injustice or miscarriage of justice has occurred. *Id.* If the error does not rise to the level of "evident, obvious, and clear error," the court will decline to exercise its discretionary review under Rule 30.20. *Id.* If, however, the claim facially establishes substantial grounds for believing manifest injustice or a miscarriage of justice has occurred, the claim will be reviewed to decide whether manifest injustice actually occurred. *Id.*

### Discussion

■ "Prior consistent statements are admissible for the purpose of rehabilitating a witness whose credibility has been attacked by an express or implied claim of recent fabrication...." *State v. Ramsey*, 864 S.W.2d 320, 329 (Mo. banc 1993). "Statements consistent with trial testimony given before the corrupting influence to falsify occurred are relevant to rebut a claim of contrivance." *Id.* In this case, Detective Short's testimony was introduced for the purpose of rehabilitating Coleman's credibility after it had been attacked on cross-examination when defense counsel implicated that Coleman had fabricated her testimony in exchange for a reduced charge. Coleman gave her statement to Detective Short prior to being offered a reduced charge in exchange for her testimony. Therefore, the introduction of Detective Short's testimony for rehabilitation purposes was not, on its face, "evident, obvious and clear error." There-

fore, Robinson's request to review this matter under Rule 30.20 is declined.

Point denied.

HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge, concur.