STATE of Missouri, Plaintiff–Respondent

v.

Sheila WALLIS, Defendant–Appellant.

No. 27184.

Missouri Court of Appeals, Southern District, Division One.

Nov. 7, 2006.

Stuart P. Huffman, Whiteaker & Wilson, P.C., Springfield, for appellant.

Nathaniel D. Dally, Asst. Pros. Atty., Joplin, for respondent.

PAUL McGHEE, Senior Judge.

Sheila Wallis (defendant) was charged with having committed the class B felony of assault of a law enforcement officer in the second degree. Upon trial, the jury found her guilty of the class A misdemeanor of assault of a law enforcement officer in the third degree. The jury assessed her punishment at confinement in the county jail for thirty days and a fine in an amount to be determined by the court. After overruling her motion for new trial, the trial court imposed the thirty-day jail sentence and fined her $500.00. Defendant appeals. We affirm.

In the first of her four points,[1] defendant argues that the trial court erred in instructing the jury on assault of a law enforcement officer in the second degree because the evidence was insufficient to support the giving of the instruction. The state submitted an instruction based on MAI–CR3d 319.34, and the court gave it as Instruction No. 5. However, the jury acquitted defendant of this offense. Her acquittal on the felony charge vitiates any standing that she may have had to complain about the instruction. *State v. Collins,* 154 S.W.3d 486, 493 (Mo.App.2005); *State v. Witt,* 684 S.W.2d 906, 909 (Mo. App.1985). As defendant was acquitted of the offense submitted by Instruction No. 5, she was not aggrieved by the giving of the instruction. She has no standing to complain about the instruction. Point I is denied.

Defendant complains in her Point III that the trial court erred in instructing the jury on assault of a law enforcement

---

1. Defendant waived her second point in oral argument.

officer in the third degree on the sole ground that there was insufficient evidence to support the giving of the instruction. Defendant offered the instruction on this offense, based on MAI–CR3d 319.39, tracking § 565.083.1(3), RSMo 2000, that "the Defendant purposely placed Randal Beebe in apprehension of immediate physical injury by driving down the driveway as Randal Beebe was in the driveway." She also offered a converse to the instruction. At the request of defendant, the trial court gave the misdemeanor verdict director as Instruction No. 7 and gave the converse instruction as Instruction No. 8. The jury found her guilty on Instruction No. 7. "As a general rule a defendant cannot complain of an instruction given at his request." *State v. Gorman*, 940 S.W.2d 543, 546 (Mo. App.1997), *citing State v. Chambers*, 891 S.W.2d 93, 105 (Mo. banc 1994); *State v. Mogan*, 891 S.W.2d 867, 871 (Mo.App. 1995).

■ Rule 28.03 states, "Counsel shall make specific objections to instructions or verdict forms considered erroneous. No party may assign as error the giving or failure to give instructions or verdict forms unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Where counsel fails to object to an instruction at trial, the issue is not preserved and it is reviewed, if at all, only for plain error under Rule 30.20. *State v. Chambers*, 998 S.W.2d 85, 88 (Mo.App.1999). *See also, State v. Goodine*, 196 S.W.3d 607, 617 (Mo.App.2006).

■ " 'Instructional error rises to the level of plain error only if the instruction is so misdirected or so failed to adequately instruct the jury that it is apparent to the appellate court that the error affected the jury's verdict and caused manifest injustice or a miscarriage of justice.' " *State v. Chambers, supra*, at 98, *quoting State v. Brown*, 913 S.W.2d 919, 921 (Mo.App.

1996). Defendant bears the burden of establishing manifest injustice. *Id.*

■ Plain error review is a two-step analysis. *State v. Robinson*, 194 S.W.3d 379, 381 (Mo.App.2006). It is first determined whether the claim of plain error, on its face, establishes substantial grounds for believing manifest injustice or miscarriage of justice has occurred. *Id.* If the error does not rise to the level of evident, obvious, and clear error, the court will not exercise its discretionary plain error review. *Id.*

Defendant did not object to her own instructions and "[w]e are hard-pressed to find the trial court committed plain error to the detriment of [defendant's] due process rights by submitting an instruction [defendant] requested." *State v. Taylor*, 123 S.W.3d 924, 930 (Mo.App.2004). The claim of error does not establish substantial grounds for believing that manifest injustice to defendant or a miscarriage of justice occurred. The facts recited in the next point reveal that there was ample evidence to support the giving of Instruction No. 7. This point is denied.

■ Defendant next asserts in Point IV that the evidence was insufficient to establish her guilt beyond a reasonable doubt, and that the trial court erred in overruling her motion for acquittal at the close of all the evidence.

The standard for reviewing claims challenging the sufficiency of evidence is well-established. *State v. Clay*, 975 S.W.2d 121, 139 (Mo.1998). On review, the Court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary. *Id.* In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there

is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.*

*State v. Brooks,* 158 S.W.3d 841, 847 (Mo. App.2005). *See also, State v. Robinson,* 196 S.W.3d 567, 569 (Mo.App.2006). We review the facts in the light most favorable to the verdict. *State v. Jaco,* 156 S.W.3d 775, 777 (Mo. banc), *cert. denied,* — U.S. ——, 126 S.Ct. 350, 163 L.Ed.2d 60 (2005).

On March 29, 2003, Randal Beebe, a Joplin police officer, was on duty in his marked police car, wearing his full uniform, including a badge, insignia, name tag, a radio with a microphone, and a pistol. After midnight, he went to a park in Joplin on routine patrol. Although the closing time for the park established by city ordinance was 11:00 p.m., he saw one car on the golf course parking lot. Defendant was the only person in the car, and she was asleep in the driver's seat. Beebe went to the car and knocked on the window next to her. Defendant awakened and lowered the window.

Beebe identified himself as a Joplin police officer. Defendant told him that she was from Springfield and had been visiting friends in Joplin. She also said that she was too tired to drive home and decided to sleep in the park. Beebe was skeptical of her story and took her driver's license to his car for a license check, which was standard procedure. The dispatcher informed him that there was an outstanding felony warrant for defendant from Greene County.

Beebe called for assistance and went back to the driver's window of defendant's car. He asked her to roll down the window again. She would only roll it down an inch or two and began questioning for the first time that he was a police officer. While he was explaining to her how she could know that he was a police officer, Sgt. St. Peter arrived in his marked police car. The parking lot was lighted and St. Peter's car was plainly visible. St. Peter was also in uniform.

Beebe told defendant that she was under arrest and to get out of her vehicle, but she refused to do so. Although Beebe admonished her not to start her car engine, she started it and sped away. Both officers pursued her in their cars with lights flashing and sirens sounding. After a short distance, defendant unwittingly turned into a driveway which was blocked by a house. Beebe stopped his car partly on the driveway behind hers and ran to her driver's side window with his pistol drawn. Defendant was moving her car back and forth, executing a "four-point turn," so that her car was headed toward Beebe's car and the street. Beebe retreated toward his car and turned to face her. She came at him very fast in her car with the headlights on, despite the fact that he was standing facing her with his pistol aimed at her.

Defendant testified at trial that she then knew he was a police officer. When her car was five or six feet from him, he was so fearful for his safety that he jumped into some bushes to avoid being struck. Defendant then swerved her car onto an embankment at the side of the driveway and around Beebe's car, nearly tipping her car onto his in the process. She turned onto the street and fled again. The chase resumed, ending only after her car tires were deflated by a spike strip placed by other officers.

The foregoing facts constitute sufficient evidence from which a reasonable juror could find defendant guilty beyond a reasonable doubt of purposely placing a law enforcement officer in apprehension of immediate physical injury. The trial court did not err in overruling defendant's motion for acquittal at the close of all the evidence. Point IV is denied.

For her remaining allegation of error, Point V, defendant contends that the trial court erred in overruling her objections to the admission of four photo exhibits in evidence. One photograph was of a Joplin police car taken in daylight, which was offered to depict the markings on the police car. Two photographs of the driveway taken in daylight also were admitted. A fourth photograph was not offered in evidence. Defendant alleges that the photographs did not accurately depict the police car and the driveway because they were taken "during daytime hours during the wrong time and season."

The photographs have not been filed with this court, nor have they been reproduced in the legal file or transcript, although Rule 30.05 requires that exhibits be filed with the clerk. Failure to provide exhibits to which a claim of error is directed results in the claimed error not having been properly preserved. *State v. Williams*, 34 S.W.3d 440, 446 (Mo.App. 2001). The failure to provide the exhibits to this court justifies a dismissal of this point without consideration of the merits.

However, an *ex gratia* review of this point, from what we can glean from the trial transcript and briefs about the photographs, discloses no error in the admission of the exhibits. A trial court has broad discretion to determine the admissibility of photographs. *State v. Finster*, 985 S.W.2d 881, 891 (Mo.App.1999). They are admissible if they accurately and fairly represent what they purport to depict and tend to prove or disprove any elements of the charged offense. *State v. Jaco, supra,* at 778. Differences between the conditions existing at the time of the crime and those at the time the photographs were taken generally go to the weight of the evidence, not admissibility. *Id.* A trial court's decision to admit photographs into evidence will be reversed only for abuse of discretion. *Finster, supra,*

Officer Beebe testified that the photograph of the police car was a fair and accurate representation of the cars that he and Sgt. St. Peter were driving that night and that the reflective markings on the cars are actually more visible at night than they are during the day. He also testified that the driveway photographs fairly and accurately represented the driveway as it was on the night in question, except that they were taken during the day. There is no showing that any differences in the conditions existing at the time of the crime and the taking of the photographs rendered the photographs inadmissible. Defendant has not demonstrated how the trial court abused its discretion in admitting the photographs in evidence. Point V is denied. The judgment is affirmed.

RAHMEYER, P.J., and PARRISH, J., concur.