**STATE of Missouri, Plaintiff– Respondent,**

v.

**Damathan L. STEVENS, Defendant– Appellant.**

No. SD 29393.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 21, 2009.

Rosalyn Koch, Columbia, for appellant.

Chris Koster, Atty. Gen., Karen L. Kramer, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Damathan L. Stevens ("Appellant") appeals from his conviction for the class B felony of distribution of a controlled substance, a violation of section 195.211;[1] he complains that the trial court should not have admitted three photographs that were taken just prior to trial. We find no error and affirm the conviction.

Appellant's conviction came about as a result of a drug transaction that occurred in a park. A drug informant arranged a "buy" with someone she knew only as "Dee;" a man, identified as Appellant, arrived at the location that had been arranged in the park. Two law enforcement officers had followed the drug informant and parked one hundred thirty feet away from the transaction; they identified Appellant as the seller after observing him through a telescope and binoculars. One of the police officers had previously observed Appellant in the same car that was at the drug scene. Despite the above-stated testimony, Appellant contends that he was prejudicially affected by the admission of three photographs that recreated the patrol car in the park on the day of the drug deal. He contends that there was an insufficient foundation that the photographs accurately depicted the scene at the time of the offense.

■■■ The trial court has broad discretion in the admission of the photographs and this Court will not overturn the lower court's decision absent an abuse of discretion. *State v. Strong*, 142 S.W.3d 702, 715 (Mo. banc 2004). To be admissible, a photograph must accurately and fairly represent the scene that it depicts and bear on an element of the charged offense. *State v. Jaco*, 156 S.W.3d 775, 778 (Mo. banc 2005). Generally, discrepancies between the conditions existing at the time of the offense and the time of the photographs are taken impact only the weight and not the admissibility of the evidence. *State v. Wallis*, 204 S.W.3d 732, 737 (Mo.App. S.D. 2006).

■■■ The photographer of these pictures, who was one of the officers present at the time of the drug deal, described what each picture represented and testified that the pictures were fair and accurate representations of the scene of the drug deal. That suffices to counter Appellant's complaint regarding the insufficient foundation. Any further complaint regarding the discrepancy between the officers' car at the time of the drug deal and the later photographs merely goes to the weight of the evidence. Regardless of the foundation issue, Appellant's argument that the photos inaccurately showed the distance between the drug deal and the law enforcement automobile and were, therefore, prejudicial is not valid as we further note both officers testified that they identified Appellant through the use of optical equipment. We find no abuse of discretion in the admission of the photographs.

The judgment is affirmed.

SCOTT, C.J., and LYNCH, P.J., concur.

1. All references to statutes are to RSMo 2000, unless otherwise specified.