STATE of Missouri, Respondent,

v.

Kevin D. JONES, Appellant.

No. WD 48819.

Missouri Court of Appeals,
Western District.

Dec. 27, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 31, 1995.

Application to Transfer Denied
March 21, 1995.

Joseph G. Zuzul, Public Defender, Nevada, for appellant.

Neil Quitno, Pros. Atty., Vernon County, Nevada, for respondent.

Before KENNEDY, P.J., and BRECKENRIDGE and SPINDEN, JJ.

PER CURIAM.

Kevin D. Jones was convicted of assault of a law enforcement officer in the third degree, section 565.083, RSMo Supp.1990, and he was sentenced to a 120–day term of confinement in the county jail. He now appeals, claiming that there is a fatal variance between the crime charged in the information and the crime which he was found guilty of committing. He also claims that the provisions of section 565.083.1(5) are unconstitutionally vague.

The judgment of the trial court is affirmed.

On October 7, 1993, officers of the Nevada, Missouri Police Department responded to a report that Jones had assaulted his wife. Sergeant Wayne Schramel found Jones standing at a pay telephone outside of a convenience store, and Jones began running when he saw Schramel approaching. Officer Brian Huff, who had been called to the scene to assist Schramel, arrived to find Schramel attempting to coax Jones out from behind a parked truck. Jones eventually walked towards Schramel, who placed him in handcuffs.

Jones was belligerent throughout the incident, shouting obscenities and taunts at the officers. Jones was kept in handcuffs after he was transported to the sheriff's department, where he attempted to use his head to butt Huff in the head. As a result of his behavior on that day, Jones was charged with one count of assault on his wife, one count of resisting arrest, and one count of assault of a law enforcement officer in the third degree.

Section 565.083 states that a person may commit the crime of third-degree assault of a law enforcement officer in five different ways:

1. A person commits the crime of assault of a law enforcement officer in the third degree if:

(1) He attempts to cause or recklessly causes physical injury to a law enforcement officer;

(2) With criminal negligence he causes physical injury to a law enforcement officer by means of a deadly weapon;

(3) He purposely places a law enforcement officer in apprehension of immediate physical injury;

(4) He recklessly engages in conduct which creates a grave risk of death or

serious physical injury to a law enforcement officer; or

(5) He knowingly causes or attempts to cause physical contact with a law enforcement officer without the consent of the law enforcement officer.

In the case at bar, Count III of the amended information charged that Jones assaulted a law enforcement officer when he "attempted to cause physical injury to Bryan Huff, a law enforcement officer, by trying to butt Bryan Huff in the head." At the close of Jones' trial, the trial court found Jones guilty of Count III, stating:

> With respect to Count III ... [t]here was testimony that I think was unrefuted and was certainly not denied or countered on cross-examination about the chest-butting of the officer.
>
> The statute is 565.083 under which Mr. Huff is—or I'm sorry, Mr. Jones is charged. 565.083, says, "Knowingly causes or attempts to cause physical contact with a law enforcement officer without the consent of the law enforcement officer." I think that that certainly falls into that category. So, I think that there is sufficient evidence to find the Defendant guilty as to Count III, and the Court does enter a finding of guilty as to Count III.

In his first point on appeal, Jones asserts that the trial court, in its oral rendition of its verdict, found him guilty of section 565.083.1(5). Jones contends that the trial court was without jurisdiction to do so, because the amended information had charged him with a violation of section 565.083.1(1). No respondent's brief was filed in this case.

█ It is true that a person may not be charged with one offense, or with one form of an offense, and convicted of another. *State v. Lee*, 841 S.W.2d 648, 650 (Mo. banc 1992). However, we have found no Missouri cases which discuss this issue in the context of a court-tried criminal proceeding. Nevertheless, we can look to the analogous situation of jury-instruction cases for guidance in resolving this point.

█ When a crime may be committed by any of several methods, the method or methods submitted in the verdict-directing instruction must be among those alleged in the information. *Id.* at 650. If the verdict-directing instruction submits a different method of committing the offense than the method charged in the information, there is a variance; however, a variance does not necessarily constitute reversible error. *Id.*

To justify a reversal, the variance must be material and prejudicial to the rights of the accused. *Id.* A variance is material when it affects whether an accused received adequate notice from the information. *Id.* A variance is prejudicial when it affects the defendant's ability to adequately defend against the charges presented in the information and given to the jury in the instruction. *Id.*

█ In the case at bar, Jones has failed to demonstrate how his ability to adequately prepare a defense was prejudiced by the variance between the information and the trial court's verdict with respect to the various methods of committing assault on a law enforcement officer. Jones' first point is denied.

In his second point on appeal, Jones claims section 565.083.1(5) is unconstitutionally vague. He therefore requests us to transfer this cause to the Missouri Supreme Court.[1]

█ However, the mere assertion that a statute is unconstitutional does not deprive the court of appeals of jurisdiction; this court has jurisdiction to determine if the appellant has standing to raise a constitutional argument. *State v. Ellis*, 853 S.W.2d 440, 446 (Mo.App.1993).

In arguing that section 565.083.1(5) is unconstitutionally vague, Jones offers the hypothetical situation of a citizen who pats a police officer on the back or who taps a police officer on the shoulder, and the hypothetical situation of a handcuffed prisoner who is stumbling down the courthouse steps and grabs a law enforcement officer in order to avoid falling. Jones argues that such conduct might be a violation of the terms of section 565.083.1(5), and therefore the statute fails to give adequate notice of the type of conduct which it proscribes. Jones also contends that such uncertainty makes the stat-

---

1. The State, in its brief, contends that we should not consider this constitutional issue because Jones has raised it for the first time on appeal. However, we will not address the State's contention as the question of standing is itself dispositive of the constitutional issue.

ute susceptible to arbitrary and discriminatory enforcement.

However, a person to whom a statute may constitutionally be applied will not be heard to challenge the facial validity of that statute on the ground that it may conceivably be applied unconstitutionally to others, in situations not before the court. *Broadrick v. Oklahoma*, 413 U.S. 601, 610–611, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973); *State v. Worthington*, 582 S.W.2d 286, 289 (Mo.App.1979). A defendant may not espouse the cause of differently situated persons as a defense in a prosecution where the statute clearly applies to him. *State v. Ellis*, 853 S.W.2d at 446; *State v. Crawford*, 478 S.W.2d 314, 319 (Mo.), appeal dismissed, 409 U.S. 811, 93 S.Ct. 176, 34 L.Ed.2d 66 (1972), and reh'g denied, 409 U.S. 1051, 93 S.Ct. 536, 34 L.Ed.2d 505 (1972). Such is the case here, as Jones has failed to provide argument showing how the statute is unconstitutionally vague as applied to his own conduct.

Accordingly, the judgment of the trial court is affirmed.