**STATE of Missouri, Respondent,**

v.

**Johnnie A. GOSS, Appellant.**

**No. 28880.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 14, 2008.

---

Rosalynn Koch, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cory Lee Atkins, Office of Atty. Gen., Jefferson City, for respondent.

DANIEL E. SCOTT, Presiding Judge.

Defendant Johnnie Goss was convicted of forgery in a bench trial. He claims the evidence was insufficient to convict him as charged.

### Facts

The salient evidence, viewed in favor of the verdict (*State v. Hicks*, 203 S.W.3d 241, 244 (Mo.App.2006)), showed that when Felicia Crowder enlisted in the military and left for basic training, she closed her local checking account. She also arranged to sell her car to Patricia Matlock, and for her mother to deliver the car and title after Matlock made payment. The mother did so, but did not remove from the glove box Crowder's blank checks, which Matlock found.

Matlock and Defendant—who between them had at least eight felony convictions—discussed writing unauthorized checks on Crowder's account. Defendant said it would be "[j]ust a misdemeanor, not really nothing" as long as the totals did not exceed $300 or $400. Defendant asked Matlock to write him such a check. She wrote one in Crowder's name for $67, payable to Defendant, which he cashed at York's Quick Stop.

### Analysis

█ The forgery statute, § 570.090,[1] describes four ways to commit that crime. Defendant was charged only under § 570.090.1(1), which is aimed at one who "[m]akes, completes, alters or authenticates any writing so that it purports to have been made by another." He was not charged under § 570.090.1(4), which targets an actor who "[u]ses as genuine . . . any writing . . . which the actor knows has been made or altered in the manner described in this section."

---

1. Statutory citations are to RSMo (2002 Supp). Rule references are to Missouri Court Rules (2008).

Defendant claims there was no evidence that he committed forgery as charged under § 570.090.1(1). He acknowledges signing the check, but only by endorsing his own name. He contends there was no evidence that *he* completed a writing "so that it purported to have been made by another." Defendant argues that if he committed forgery, "it was not by any writing but by passing the check at York's. 'Why the State did not charge appellant with committing [forgery] in the manner shown by the evidence is impossible to fathom.'" (quoting *State v. Edsall,* 781 S.W.2d 561, 565 (Mo.App.1989)).[2] Defendant's point fails for two reasons.

### Accomplice Liability

■ Section 562.041.1(2) provides that "[a] person is criminally responsible for the conduct of another when . . . [e]ither before or during the commission of an offense, with the purpose of promoting the commission of an offense he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense." Missouri no longer recognizes a distinction between principals and accessories. *State v. Wurtzberger,* 40 S.W.3d 893, 895 (Mo. banc 2001). Therefore, all persons who act in concert to commit a crime are equally guilty. *Id.*

. . .

Under accomplice liability, the evidence need not show that Defendant personally committed every element of a crime. *State v. Shockley,* 98 S.W.3d 885, 890 (Mo.App. S.D.2003). "[A]ny evidence that shows affirmative participation in aiding the principal to commit the crime is sufficient to support a conviction." *Id.*

■ *Hicks,* 203 S.W.3d at 244. A defendant can be charged as a principal in the commission of a crime and convicted under a theory of accomplice liability. *See State v. Cella,* 32 S.W.3d 114, 118 (Mo. banc 2000); *State v. Maxon,* 5 S.W.3d 613, 616 (Mo.App.1999).

Suffice it to say there was substantial evidence from which the trial court reasonably could infer that Defendant and Matlock acted with a common intent and purpose to commit forgery, even if Defendant did not personally commit every element of the crime. "'The central tenet of accomplice liability is the notion that all who act together with a common intent and purpose in committing a crime are equally guilty.'" *Hicks,* 203 S.W.3d at 244–45 (quoting *State v. Biggs,* 170 S.W.3d 498, 504 (Mo.App.2005)(internal citations and quotations omitted)).

### Variance

■ Further, Defendant has read *Edsall* too broadly. That case, like others cited by Defendant, correctly notes the principle "that where the act constituting the crime is specified in the charge, the State is held to proof of that act." 781 S.W.2d at 564. But that principle is not absolute. Variance alone does not mandate reversal unless it is material and prejudicial to the defendant's rights. Even a material variance is prejudicial only if it impairs the defendant's ability to adequately defend. *See State v. Madison,* 997 S.W.2d 16, 19 (Mo. banc 1999); *State v. Lee,* 841 S.W.2d 648, 650–52, 655 (Mo. banc 1992) (Thomas, J., concurring in part and dissenting in part). For application to bench trials, *see, e.g., State v. Young,* 172 S.W.3d 494, 497–500 (Mo.App.2005); *State v. Jones,* 892 S.W.2d 737, 739 (Mo.App. 1994).

Defendant does not claim the variance in this case affected his trial strategy or otherwise prejudiced his defense. Nor do we

---

**2.** *Edsall* was not a forgery case. We are quoting Defendant's brief as stated.

find so from the record. This case was a swearing match. Matlock testified that Defendant knew the check was forged; making and passing it was Defendant's idea; and Defendant kept the money. Defendant denied all these things and claimed Matlock duped him. It is difficult to see how this defense-that Defendant lacked criminal intent and Matlock was a liar-would have changed regardless of which § 570.090.1 forgery subsection was involved. *See Lee*, 841 S.W.2d at 651 (no prejudice from variance where defense at trial, if believed, was adequate to disprove the method charged and submitted); *Young*, 172 S.W.3d at 500 (similar). "The basic offense charged and submitted is the same, and unless the defendant can be said to have been prejudiced in that he would have been better able to defend [absent the variance], he should not be entitled to relief on account of the variance." *State v. Crossman*, 464 S.W.2d 36, 42 (Mo.1971).

### Conclusion

Defendant's sole point lacks merit, but one matter still requires attention. The judgment erroneously shows that this case was disposed of by "Guilty Plea." The record clearly shows that Defendant was found guilty following a bench trial, and that he did not plead guilty. The trial court's failure to accurately memorialize the judgment that it announced in open court was a clerical error that Rule 29.12 authorizes it to correct. *See State v. Booyer*, 87 S.W.3d 926, 931 (Mo.App.2002). Accordingly, while we affirm the conviction, we must remand the case to the trial court with instructions to enter a corrected judgment accurately reflecting the nature of the proceedings below.

BARNEY and BATES, JJ., Concurs.