

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED102105 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | 1222-CR02253-01 |
| | ) | |
| ANTOIN OMAR BREWER, | ) | Honorable Julian L. Bush |
| | ) | |
| Appellant. | ) | Filed: November 24, 2015 |

## Introduction

Antoin Brewer (Defendant) appeals the judgment entered upon his convictions for robbery in the first degree and armed criminal action, arguing that the evidence was insufficient to find him guilty beyond a reasonable doubt. We affirm.

## Background

The State charged Defendant and two co-defendants under a theory of accomplice liability with the following 16 counts: kidnapping, two counts of forcible rape, two counts of forcible sodomy, two counts of first-degree robbery, two counts of stealing a motor vehicle, and seven counts of armed criminal action. The evidence at trial, in the light most favorable to the judgment, was the following.

On April 16, 2012, D.H. (Victim) went to the Silver Lining, a bar and restaurant near her home. The owner was a friend of hers. Victim drove her Chrysler 300 there and parked it in the Silver Lining's parking lot.

As Victim walked into the bar, she noticed "three creepy looking individuals," whom she identified as the three defendants, but whom she had not met before that night. Victim was in the bar for 10 or 15 minutes, and as she was walking back to her car to go home, the three individuals jumped out from behind a dumpster, put a gun to her head, and pulled her into her car. They put her in the backseat. Defendant sat in the backseat with her, and the other two co-defendants were in the driver's and passenger's seats. They were screaming, "Bitch, you better have money. You better come up with some money or we're going to murder you."

They drove onto the highway. The men stopped frequently as they were driving to switch places. One of the co-defendants ripped Victim's pants and underwear off and threw them out the window. While Defendant was holding a gun to Victim's head, one of the co-defendant's forced his penis into Victim's mouth and then into her vagina. Then the two co-defendants switched places, and the other co-defendant forced his penis into Victim's mouth and then into her vagina. Defendant continued to hold the gun to Victim's head. One of the co-defendants told Defendant to shoot Victim if "he felt teeth."

The men also demanded money from Victim, telling her she was going to die if she did not give them money. She told them she did not have any money, but she had an idea to call her friend, the owner of the Silver Lining, and tell him that she needed bond money for her brother. She called him, and he agreed to give her money. The men drove

2

Victim back to the Silver Lining, but first they stopped to move her into the passenger seat. They also put a vest over her lap so that the owner would not be able to tell she did not have pants or underwear on. When they got to the Silver Lining, the owner came out and handed Victim the money. Defendant was sitting behind Victim pointing the gun at her. Victim handed the money to the co-defendant who was driving the car.

At some point, one of the co-defendants also ripped off Victim's necklace and two rings she was wearing. She did not want to give them her jewelry, but she submitted to them taking it because she had been confined in her car at gunpoint.

Later in the evening, the men stopped at a gas station. The two co-defendants went inside, and Defendant stayed with Victim in the car. Defendant was sitting in the front passenger seat, and Victim was in the backseat. Victim noticed that the doors were unlocked and that Defendant had laid the gun on his lap and was using both hands to roll marijuana. She decided to get out of the car and run into the gas station. She started screaming to call 911 and that she had been raped and they were going to murder her. One of the co-defendants tried to pull her out of the store, but he was not able to get her out. Both co-defendants ran out of the store, and the attendant helped Victim call 911. She locked herself in the bathroom until the police arrived.

The State charged Defendant and his two co-defendants with kidnapping, two counts of forcible rape, two counts of forcible sodomy, two counts of first-degree robbery, two counts of stealing a motor vehicle, and seven counts of armed criminal action. The trial court held a joint bench trial, after which it found the defendants guilty of all counts except kidnapping and an associated armed criminal action. The court subsequently held a sentencing hearing, at which time it also entered a finding of not

3

guilty on the two counts of stealing a motor vehicle. The trial court then sentenced Defendant on the remaining counts to 20 years in prison for each count of rape and sodomy, to run concurrently; and 10 years for each count of first-degree robbery and each count of armed criminal action, to run concurrently with each other. The court ordered the 20-year sentences to run consecutively to the 10-year sentences, for a total sentence of 30 years. This appeal follows.

Discussion

On appeal, Defendant challenges only his convictions and sentences for one count of first-degree robbery and the associated count of armed criminal action. These counts were related to the stealing of Victim's jewelry. He argues that there was insufficient evidence from which the trial court could find him guilty of these counts beyond a reasonable doubt. We disagree.

When a defendant challenges the sufficiency of the evidence to support a conviction, we review the evidence in the light most favorable to the State. State v. Grim, 854 S.W.2d 403, 411 (Mo. banc 1993); State v. Cassel, 419 S.W.3d 867, 868 (Mo. App. S.D. 2013) (same standard of review for court- and jury-tried cases). We do not reweigh the evidence, but rather we accept as true all evidence tending to prove guilt together with all reasonable inferences therefrom. State v. Andrich, 943 S.W.2d 841, 846 (Mo. App. E.D. 1997). The sole issue here is whether there is sufficient evidence from which the trial court could have found the elements of first-degree robbery and armed criminal action beyond a reasonable doubt.

Section 569.020.1[1] provides in relevant part that "a person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime, . . . [d]isplays or threatens the use of what appears to be a deadly weapon . . . ." Additionally, Section 571.015 provides that "any person who commits any felony . . . by, with, or through the use, assistance, or aid of a . . . deadly weapon is also guilty of the crime of armed criminal action."

The indictment stated that during the course of stealing Victim's jewelry, "[Defendant] displayed what appeared to be a deadly weapon." Defendant argues that the evidence failed to establish that he displayed the gun to Victim at the time one of the co-defendants took her jewelry, or that he participated in the robbery at all.

First, the evidence was sufficient from which the trial court could have found Defendant participated in the robbery. Section 562.041.1(2) states that a person is criminally responsible for the conduct of another when "[e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids . . . such other person in . . . committing . . . the offense." Defendant need not have committed every element of the crime. State v. Barnum, 14 S.W.3d 587, 591 (Mo. banc 2000). Nor is it necessary that Defendant had the requisite intent to commit the crime. State v. Hicks, 203 S.W.3d 241, 245 (Mo. App. S.D. 2006). "A defendant who embarks upon a course of criminal conduct with others is responsible for those crimes which he could reasonably anticipate would be part of that conduct." Id. at 246.

Here, Defendant had embarked upon a course of criminal conduct that had included forcible sodomy and rape at gunpoint, and had included demands for money

_____

[1] All statutory references are to RSMo. (2000) unless otherwise indicated.

5

from the outset. Certainly Defendant could have reasonably anticipated that stealing Victim's jewelry would be part of that conduct.

However, Defendant further argues that while the indictment stated that Defendant displayed a weapon during the robbery of Victim's jewelry, there was no testimony as to who was holding the gun, or even that anyone displayed a gun at the moment his co-defendant took the jewelry, and thus the evidence was insufficient. These arguments are without merit.

Regarding the indictment, the Missouri Supreme Court has held that it is proper to submit a theory of accomplice liability despite having charged the defendant as a principal. See State v. Isa, 850 S.W.2d 876, 898 (Mo. banc 1993). Here, though the indictment did not name Defendant as the one who took the jewelry, it did name him as the one displaying a weapon. Regardless, because Missouri has abolished the common law distinction between principals and accessories, whether a defendant is convicted as a principal or an accessory has the same legal effect. See State v. Davis, 963 S.W.2d 317, 326 (Mo. App. W.D. 1997). Thus, the discrepancy in the indictment here is without consequence, so long as the State proved that one of the co-defendants committed the crime of first-degree robbery and Defendant acted with them.

Finally, Defendant argues that Victim did not testify specifically that someone held her at gunpoint at the moment his co-defendant took the jewelry, and thus the State failed to establish all the elements of robbery. However, Victim did testify that she was held at gunpoint for most of the evening, and that the only reason she allowed the co-defendant to take her jewelry was because she had been held in her car at gunpoint. The trial court could reasonably infer from this evidence that one of them displayed a weapon

6

at the time another took her jewelry. Thus, the evidence was sufficient from which the trial court could have found Defendant guilty beyond a reasonable doubt as an accomplice of robbery in the first degree.

Accordingly, sufficient evidence supported Defendant's conviction for the associated armed criminal action, because the evidence showed the men used a gun during the commission of the robbery. Section 571.015.1. Point denied.

## Conclusion

There was sufficient evidence from which the trial court could find Defendant acted with his co-defendants to commit robbery in the first degree and armed criminal action. We affirm.

Gary M. Gaertner, Jr., Judge

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

7