

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED102104 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1222-CR02255-01 |
| | ) | |
| ANTONIEO D. CLARK, | ) | Honorable Julian L. Bush |
| | ) | |
| Appellant. | ) | Filed: April 19, 2016 |

## OPINION

Antonieo D. Clark was convicted after a bench trial in the Circuit Court of the City of St. Louis of two counts of forcible rape, two counts of forcible sodomy, two counts of first-degree robbery, and six counts of armed criminal action arising out of the April 16, 2012, abduction of a woman ("Victim") outside of a bar on Delor Street in the City of St. Louis. Clark asserts two allegations of plain error: (1) that the trial court violated his right to be free from double jeopardy by convicting him of two counts of first-degree robbery and two related counts of armed criminal action, and (2) that the trial court erred because the sentence of "life (999) years" set forth in its written judgment for each of Clark's two counts of forcible rape and two counts of forcible sodomy materially differed from the sentence the court orally pronounced on the record of life imprisonment for each count.

Finding no plain error, we affirm as to Clark's first point on appeal. As to his second point, we remand to the trial court to correct Clark's sentences to conform to the trial court's oral pronouncement of life imprisonment for each count of forcible rape and forcible sodomy.

## Factual and Procedural Background

On April 16, 2012, Clark and two other men[1] abducted Victim at gunpoint as she exited a bar. The three men emerged from behind a dumpster, pointed a gun at Victim's head, and forced her into her automobile. One of the men entered the back seat with Victim, while Clark sat in the driver's seat and the third man in the front passenger's seat.

After driving onto the highway, Clark pulled over and threw out the window the infant car seats found in the back seat. He then forcibly removed Victim's pants and underwear, and threw them out as well. Clark then forced Victim to perform fellatio on him and forced his penis into her vagina while one of the other men held a gun to her head. Afterward, Clark pulled over again and told one of the other men that it was his turn to sexually assault Victim. This man also forced Victim to perform fellatio on him and forced his penis into her vagina while the third man held a gun to her head.

Then the men began demanding money from Victim. They repeatedly clicked a gun aimed at her head telling her they would kill her if she did not obtain money for them. Since

---

[1] The two other men, Brandon and Brewer, were each—like Clark—convicted of several offenses arising out of this incident, including two counts of first-degree robbery and two related counts of armed criminal action. Both men appealed to this Court. Brewer challenged only the sufficiency of the evidence to convict him of one of the robbery counts and the related armed criminal action count, and we denied his appeal. *See State v. Brewer*, 476 S.W.3d 321, 325 (Mo.App.E.D. 2015) (holding that there was sufficient evidence to support the challenged convictions). Brandon, however, argued—as Clark does here—that his convictions of two counts of first-degree robbery and two related counts of armed criminal action violated double jeopardy. *See State v. Brandon*, 2016 WL 1319382 (Mo.App.E.D. Apr. 5, 2016). As we did in our consistent opinion in *Brandon*, here we reject that argument and affirm the defendant's convictions.

Victim did not have any money, she devised a plan. She called her friend, the owner of the bar she had exited earlier that night, and told him she needed bond money because her brother was in jail. When the bar owner agreed to give Victim money, Clark and his co-assailants drove back to the bar.

Victim was put in the front passenger seat and was given a vest to put in her lap so the bar owner would not notice that she did not have on pants or underwear. The bar owner handed the money to the Victim through the open car window, and Victim handed it right to Clark, who was driving the car. One of the other men pointed a gun at Victim's head throughout this transaction.

But the men were not finished with Victim. After getting the money from the bar owner, the men drove around with Victim to Illinois and to Jennings, Missouri, making five to eight stops over the course of five hours. At some point during the night, Clark took from Victim her engagement ring, cross necklace, and her father's wedding band. The men stopped at a gas station and forced Victim to smoke marijuana with them. They also found Victim's daughter's car keys in Victim's car, located the daughter's car, and one of the men drove it several miles away. At one point, the men stopped to try to convince yet another man to rape Victim, but he refused. The men pointed a gun toward Victim's head "almost the entire time" she was in the car.

Eventually, Clark stopped the car and—with one of the other men—entered a gas station. Victim was left in the car with only one of the men, who held the gun on his lap but was using both of his hands to roll marijuana. Victim noticed that the car doors were unlocked and exited the car and ran into the gas station. She asked an attendant to call 911, telling the attendant that she had been raped and believed the men were going to kill her. The attendant helped Victim

3

call 911, and the police came. Clark and the two other men were arrested the next day after police followed to their location a vehicle reported as stolen.

After a bench trial, the court convicted Clark of two counts of forcible rape, two counts of forcible sodomy, two counts of first-degree robbery, and six counts of armed criminal action. The court orally sentenced Clark to life imprisonment for each of the two counts of forcible rape and the two counts of forcible sodomy, to run concurrently. However, the court's written judgment pronounced a sentence of "life (999) years" for each of those crimes.

## Standard of Review

Clark seeks plain error review on both of his claims of trial court error under Missouri Supreme Court Rule 30.20. Plain error lies where we find that manifest injustice or a miscarriage of justice has resulted from trial court error. *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo.banc 2009). A double jeopardy violation "determinable from the face of the record" is *entitled* to plain error review. *State v. Liberty*, 370 S.W.3d 537, 546 (Mo.banc 2012) (citing *State v. Neher*, 213 S.W.3d 44, 48 (Mo.banc 2007)). Generally, however, we have discretion to review for plain error only where the appellant asserting error establishes facially substantial grounds for believing that the trial court's error was evident, obvious, and clear, and that manifest injustice or a miscarriage of justice has resulted. *State v. Jones*, 427 S.W.3d 191, 195 (Mo.banc 2014). Plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome-determinative. *State v. Baxter*, 204 S.W.3d 650, 652 (Mo.banc 2006).

## Point I: Double Jeopardy

In Point I, Clark claims that the trial court violated his right to be free from double jeopardy by convicting him of two counts of first-degree robbery and two related counts of armed criminal action. Clark argues that he should have been convicted of only one count of

4

each of those offenses because he stole the money and the jewelry in this case under a single, continuous threat of force. In his view, the two thefts thus constituted one crime. However, under the applicable statutes the continuity of the underlying threat of force in the thefts does not give any indication how many robberies were committed. Thus, because Clark does not point to any evidence in the record tending to show that the theft of the jewelry occurred during the same instance of forcible stealing as did the theft of the money—or even that they occurred within minutes instead of hours of one another—Clark fails to make a facial showing justifying plain error review of the alleged double-jeopardy violation.

The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution protects the accused not only from successive prosecutions for the same offense after either an acquittal or a conviction, but also from multiple punishments for the same offense. *Liberty*, 370 S.W.3d at 546 (quoting *State v. McTush*, 827 S.W.2d 184, 186 (Mo.banc 1992)). Double jeopardy analysis regarding multiple punishments is limited to determining whether cumulative punishments were intended by the legislature. *McTush*, 827 S.W.2d at 186 (citing *Missouri v. Hunter*, 459 U.S. 359, 366-69 (1983)); *State v. Hardin*, 429 S.W.3d 417, 421 (Mo.banc 2014). In determining legislative intent, we look to the "unit of prosecution" allowed by the statutes under which the defendant was convicted. *Liberty*, 370 S.W.3d at 547 (citing *State v. Sanchez*, 186 S.W.3d 260, 267 (Mo. banc 2006)). The scope of conduct comprising one violation of a criminal statute defines the unit of prosecution. We ascertain the allowable unit of prosecution first by looking to the statute under which the defendant was convicted, and if that statute is silent, then by looking to the general cumulative punishment statute, section 556.041. *Barber*, 37 S.W.3d at 403.

Here, Clark was convicted under section 569.020[2] of two counts of first-degree robbery. Section 569.020.1(3) provides that "[a] person commits the crime . . . when he forcibly steals property and in the course thereof he, or another participant in the crime, . . . [u]ses or threatens the immediate use of a dangerous instrument against any person." Because the legislature did not specify in section 569.020 the allowable unit of prosecution for first-degree robbery, we look to the general cumulative punishment statute, section 556.041.

While section 556.041 provides that a defendant may not be convicted of more than one offense if "[t]he offense is defined as a continuing course of conduct and the [defendant's] course of conduct was uninterrupted," first-degree robbery is *not* defined in section 569.020 as a continuing course of conduct. First-degree robbery is defined as "forcible stealing" during which the defendant places a person under threat of harm. *See* Section 569.020.1(3). Thus, when the forcible stealing ends, the crime ends, regardless of whether the underlying threat of harm continues. In defining "forcible stealing," section 569.010(1) states that "a person 'forcibly steals,' and therefore commits robbery, when, [specifically] *in the course of stealing*, he uses or threatens the immediate use of physical force upon another person for the purpose of" taking property. (emphasis added). The applicable statutes thus indicate that each separate instance of forcible stealing—*not* each continuous threat of force accompanied by stealing—constitutes a different robbery.

As Clark notes, the double jeopardy clause forbids the State from splitting a single crime into separate parts for prosecution. *State v. Polson*, 145 S.W.3d 881, 896 (Mo.App.W.D. 2004) (finding double jeopardy violation where defendant suffered multiple punishments for *simultaneous* constructive possession of two differently-located but identical illegal substances);

---

[2] All statutory references are to RSMo 2000 unless otherwise indicated.

*State v. Cunningham*, 193 S.W.3d 774, 780-83 (Mo.App.S.D. 2006) (same). However, Missouri courts have found separate offenses where "the conduct is dissimilar or the actions are *separated in time.*" *Barber*, 37 S.W.3d at 404 (emphasis added) (finding separate offenses where defendant was punished twice for unlawful use of a weapon, once for flourishing a knife in one room and again for flourishing it in another room "only a few seconds" later). Where the counts are based on different acts or a separate mens rea is formed for each act, crimes are different in nature. *Id.* (citing *State v. Heslop*, 842 S.W.2d 72, 76 (Mo.banc 1992)). Basically, where the defendant has the opportunity to reconsider his actions, crimes are separate. *Id.*

Consequently, to support his double-jeopardy claim of error here, Clark is obligated to point to evidence that the theft of the jewelry and the theft of the money occurred during a single instance of forcible stealing. But Clark fails to cite to any evidence in this record tending to show that he did not commit separate offenses in forcibly stealing both money and jewelry from Victim. Accordingly, we cannot conclude that the trial court plainly erred in convicting him of two robberies for the thefts. Clark merely asserts on appeal that he deprived Victim of both the jewelry and the money through the use of a single, continuous threat of force. However, as noted above, it simply does not matter whether the underlying threat of force or harm in this case was continuing or instead intermittently suspended and then reapplied; either way, the threat does not indicate how much "forcible stealing" occurred here.

Further, the thefts of the money and jewelry occurred over the course of a five-hour car ride and thus could have been separated by as much as several hours. The alleged continuity of the threat of force used in these thefts does not indicate that they were not separated by the passage of hours, thus giving Clark plenty of time to form a separate mens rea for each theft. Because Clark does not point to any evidence in the record tending to show that the theft of the

7

jewelry occurred during the same instance of forcible stealing as did the theft of the money—or even that they occurred within minutes instead of hours of one another—Clark fails to make a facial showing justifying plain error review. Point I is denied.

### Point II: Correction of Sentence in Written Judgment

In Point II, Clark claims that the trial court plainly erred because the sentence of "life (999) years" set forth in its written judgment for each of Clark's two counts of forcible rape and two counts of forcible sodomy materially differed from the sentence the court orally pronounced on the record of a sentence of life imprisonment for each count. Because we find that there was a material difference between the two pronouncements of sentence, we remand to the trial court to correct the sentences set forth in the written judgment to conform to the court's oral pronouncement of life imprisonment for each count.

If there is a material difference between the court's oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *State v. Harris*, 364 S.W.3d 790, 797 (Mo.App.W.D. 2012) (citing *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 514 (Mo.banc 2010)). Here, the State agrees with Clark that the trial court's written judgment materially differs from its oral pronouncement of sentence and needs to be corrected to conform to the oral pronouncement. The authorized sentence for forcible rape and forcible sodomy, as charged in this case, is *either* life imprisonment *or* a prison term of not less than five years. Sections 566.030.2, 566.060.2; *see also State v. Hardin*, 429 S.W.3d 417, 419 (Mo.banc 2014) (noting that the "or" used in the forcible rape statute is disjunctive and provides for two alternative sentencing options). In providing in its written judgment for a sentence of "life (999) years"—a term of years—for each count of forcible rape and forcible sodomy, the trial court specifically rejected the alternative sentencing option of life imprisonment to which it orally sentenced Clark. Thus, the court

8

pronounced two different sentences for Clark for each count. The sentences are materially different because, among other reasons, they have a different effect in determining parole eligibility dates. *See Hardin*, 429 S.W.3d at 420 (observing that "[a] life sentence and a sentence of a term of years . . . have different consequences for parole," such as that under section 558.019.4, for parole purposes "a life sentence is calculated to be 30 years, while any sentence greater than 75 years is calculated to be 75 years"). Accordingly, we remand to the trial court to correct Clark's sentences for the two counts of forcible rape and two counts of forcible sodomy by conforming the court's written judgment to its oral pronouncement of life imprisonment for each count.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court as to Point I, and as to Point II we remand to the trial court to correct Clark's sentences to conform to the trial court's oral pronouncement of life imprisonment for each count of forcible rape and forcible sodomy.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J., and
Lawrence E. Mooney, J. concur.

9