

# Missouri Court of Appeals
## Western District

STATE OF MISSOURI,      )
     )    **WD85592**
           **Respondent,**   )
v.      )    **OPINION FILED:**
     )
TYRIEKE R. ROBINSON,      )    **February 20, 2024**
     )
           **Appellant.**   )
     )

### Appeal from the Circuit Court of Clay County, Missouri
### The Honorable Shane Terril Alexander, Judge

### Before Division One: Alok Ahuja, Presiding Judge,
### Cynthia L. Martin, Judge, and Thomas N. Chapman, Judge

Tyrieke Robinson appeals the trial court's judgment, entered after a jury verdict, convicting him of one count of assault in the first degree (serious physical injury) and one count of armed criminal action. In his sole point on appeal, he contends that the trial court erred in failing to accurately memorialize the sentence for first-degree assault in the written judgment. The State agrees. The case is remanded for the sole purpose of entering a nunc pro tunc order correcting the written judgment to state that the sentence on Count I is life imprisonment. The judgment is affirmed in all other respects.

## Background

In May 2021, Robinson was charged by indictment with class A felony first-degree assault for knowingly causing serious physical injury to the victim by setting the victim on fire (Count I). He was also charged with armed criminal action (Count II). In February 2022, a jury found Robinson guilty as charged and recommended sentences of life and fifteen years' imprisonment, respectively.

At sentencing in May 2022, the trial court sentenced Robinson to life imprisonment for Count I and fifteen years' imprisonment for Count II, and ordered the sentences to be served consecutively:

> It is, therefore, the decision of the Court, with respect to Count I, to sentence the Defendant to the custody of the Missouri Department of Corrections for a term of life imprisonment. It's the decision of the Court, with respect to Count II, to sentence the Defendant to the custody of the Missouri Department of Corrections for a term of 15 years.

> I believe that the law does not allow for a concurrent sentence on armed criminal, but if it does, I will not do it. It will be consecutive. To be clear, Count II will be consecutive to Count I.

In its written judgment entered the same day, the trial court stated that Robinson's life sentence for first-degree assault was to be served without eligibility for probation or parole:

> In Count I, defendant is sentenced to the Missouri Department of Corrections for a period of imprisonment for life without eligibility for probation or parole. In Count II, the Court sentences Defendant to Fifteen (15) years in the Missouri Department of Corrections to be served consecutive with Count I.

This appeal by Robinson followed.

2

**Analysis**

In his sole point on appeal, Robinson contends that the trial court erred in failing to accurately memorialize the sentence for first-degree assault in the written judgment.[1] He asserts that the trial court sentenced him to life imprisonment for Count I at sentencing but in the written judgment sentenced him to life imprisonment without the possibility of parole. The State agrees.

"[T]he written sentence and judgment of the trial court should reflect its oral pronouncement of sentence before the defendant." *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 514 (Mo. banc 2010) (internal quotes and citation omitted). "[I]f a material difference exists between the written judgment and oral pronouncement, the oral pronouncement controls." *Id.* (internal quotes and citation omitted). The failure to accurately memorialize the decision of the trial court as it was announced in open court is

---

[1] Robinson did not ask the trial court to correct its judgment before appealing to this court and asserts without citation that "Missouri courts have never required preservation for a *nunc pro tunc* claim." We note that in some cases raising a similar claim of failure to memorialize the pronounced sentence, appellants seek plain error review because they did not raise the issue in the trial court. *State v. Pierce*, 678 S.W.3d 115, 124-25 (Mo. App. S.D. 2023); *State v. Clark*, 494 S.W.3d 8, 14 (Mo. App. E.D 2016). Rule 29.12(b) provides, "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." "An unauthorized sentence affects substantial rights and results in manifest injustice." *State v. Shockley*, 512 S.W.3d 90, 91 (Mo. App. E.D. 2017). But in others cases, the issue is decided based on a court's authority to correct clerical mistakes under Rule 29.12(c) without addressing preservation. *State v. Fewins*, 638 S.W.3d 36, 38-39 (Mo. App. S.D. 2021); *State v. Davie*, 638 S.W.3d 514, 524 (Mo. App. W.D. 2021); *State v. Johnson*, 456 S.W.3d 497, 505 (Mo. App. E.D. 2015). Rule 29.12(c) provides, in pertinent part, "Clerical mistakes in judgments…arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders." Regardless, all of the noted cases review the issue consistently.

a clerical mistake. *State v. Davie*, 638 S.W.3d 514, 524 (Mo. App. W.D. 2021). "Clerical errors in the sentence and judgment in a criminal case may be corrected by order nunc pro tunc if the written judgment does not reflect what was actually done." *Id.* (quoting *State v. Knox*, 604 S.W.3d 316, 325 (Mo. banc 2020) and citing Rule 29.12(c)).

Section 565.050.2, RSMo 2016, provides in pertinent part, "The offense of assault in the first degree is a class B felony unless in the course thereof the person inflicts serious physical injury on the victim…in which case it is a class A felony." Here, Robinson was charged and convicted of class A assault in the first degree. The authorized statutory punishment for a class A felony is "a term of years not less than ten years and not to exceed thirty years, or life imprisonment[.]" § 558.011.1(1), RSMo Cum. Supp. 2021. The sentence of life imprisonment without the possibility of parole in the written judgment is not an authorized sentence under section 558.011 and is materially different from the trial court's oral pronouncement of life imprisonment at sentencing. *See State v. Clark*, 494 S.W.3d 8, 14 (Mo. App. E.D. 2016) (sentences of "life (999) years" in written judgment materially different than sentences of life imprisonment orally pronounced because, among other reasons, they have different effect in determining parole eligibility dates); *State v. Davis*, 179 S.W.3d 308, 309 (Mo. App. E.D. 2005) (sentence in written judgment for trafficking as a prior drug offender that did not reflect that it was to be served without probation or parole did not conform to oral pronouncement that properly indicated sentence would be served without probation or parole as required by statute). Because the written judgment does not conform to the trial

court's oral pronouncement of sentence, it contains a clerical error that may be corrected nunc pro tunc. *Davie*, 638 S.W.3d at 524.

## Conclusion

The case is remanded for the sole purpose of entering a nunc pro tunc order correcting the written judgment to state that the sentence on Count I is life imprisonment. The judgment is affirmed in all other respects.

_____
Thomas N. Chapman, Judge

All concur.

5