

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | **WD86942** |
| | ) | |
| HOWARD KRISTOPHER MOOTS, | ) | **Filed:  September 30, 2025** |
| | ) | |
| Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF MACON COUNTY
### THE HONORABLE MATTHEW J. WILSON, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE, EDWARD R. ARDINI, JR., JUDGE, AND W. DOUGLAS THOMSON, JUDGE

Howard Moots appeals the circuit court's judgment after a jury convicted him of fifteen counts of first-degree statutory sodomy and one count of second-degree child molestation.  He contends the circuit court erred in failing to accurately memorialize the sentences for his fifteen statutory sodomy counts in its written judgment.  For reasons explained herein, we remand the case to the circuit court to enter a corrected written judgment that conforms to the court's oral pronouncement.  The judgment is affirmed in all other respects.

## FACTUAL AND PROCEDURAL HISTORY

A jury convicted Moots of fifteen counts of first-degree statutory sodomy and one count of second-degree child molestation for acts he committed between September 2018 and July 2021. The court orally pronounced Moots's sentence on each of the fifteen counts of first-degree statutory sodomy to be a term of life in prison, to run consecutively to each other and consecutively to a term of fifteen years on the second-degree child molestation count. The written judgment for the fifteen statutory sodomy counts states in the "Length" field: "LIFE IN PRISON," but in the "Text" field: "Defendant sentenced to 999 Years." Moots appeals.

## ANALYSIS

In his fifteen points on appeal, Moots argues, with regard to each of his statutory sodomy convictions, that the circuit court erred in denoting his sentence in the written judgment as "999 years" because it materially differs from the court's oral pronouncement of life in prison.[1] The State concedes the error and agrees Moots is entitled to the relief he requests.

The circuit court's written judgment should reflect its oral pronouncement of sentence before the defendant. *State v. Pardee*, 700 S.W.3d 42, 53 (Mo. App. 2024). "If

---

[1] Because he did not ask the circuit court to correct the written judgment, Moots requests plain error review of his points on appeal. In *State v. Pardee*, 700 S.W.3d 42, 53 n.6 (Mo. App. 2024), we noted some cases addressing claims of failure to memorialize the pronounced sentence decide the claim under plain error review because an unauthorized sentence results in manifest injustice, while others decide the claim "based on a court's authority to correct clerical mistakes under Rule 29.12(c)." As evidenced by the cases cited in *Pardee*, regardless of the basis for review, all of the cases "resolve the issue consistently." 700 S.W.3d at 53 n.6.

there is a material difference between the court's oral pronouncement of sentence and the written judgment, the oral pronouncement controls." *State v. Clark*, 494 S.W.3d 8, 14 (Mo. App. 2016). Sentences of life and 999 years "are materially different because, among other reasons, they have a different effect in determining parole eligibility dates." *Id*.

When the court fails to accurately memorialize its decision as it was announced in open court, it is a clerical mistake, which "may be corrected by order nunc pro tunc if the written judgment does not reflect what was actually done." *Pardee*, 700 S.W.3d at 53 (quoting *State v. Denham*, 686 S.W.3d 357, 369 (Mo. App. 2024)). Therefore, we remand this case to the circuit court to enter a corrected judgment that conforms to the court's oral pronouncement of a sentence of life in prison for each of the fifteen counts of first-degree statutory sodomy. Points I through XV are granted.

## CONCLUSION

The case is remanded to the circuit court for entry of a corrected written judgment that conforms to the court's oral pronouncement of a sentence of life in prison for each of the fifteen counts of first-degree statutory sodomy. The judgment is affirmed in all other respects.

_____
LISA WHITE HARDWICK, JUDGE

All Concur.

3